IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| G.B.T., | ) |
| | ) |
| Petitioner, | ) 3:25-CV-00477-SLH |
| | ) |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JUDGE |
| LEONARD ODDO, *in His Official Capacity as Warden of Moshannon Valley Processing Center, et al.*, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM ORDER**

Now pending before the Court is Petitioner G.B.T.'s ("Petitioner") Emergency Motion for a Temporary Restraining Order ("T.R.O.") and a Preliminary Injunction ("P.I.") (ECF No. 7). Petitioner represents that he is a citizen of Nicaragua who is being unlawfully detained under 8 U.S.C. § 1225 (as opposed to 8 U.S.C. § 1226) by Respondents at Moshannon Valley Processing Center ("MVPC"). (ECF No. 11 at 3–5). In terms of relief, he seeks an Order from this Court: (1) barring Respondents from moving him outside the Western District of Pennsylvania; (2) requiring Respondents to immediately release him from detention and refrain from re-detaining him absent a further Order from this Court; (3) in the alternative, holding a bond hearing within seven (7) days; (4) declaring that Petitioner is subject to detention under 8 U.S.C. § 1226 rather than § 1225; and (5) declaring that Respondents have violated various provisions of law relative to Petitioner. (*Id.* at 26). Respondents have yet to respond to Petitioner's claims and requests.

Upon consideration of Petitioner's filings at ECF Nos. 7 and 11, the Court finds that each piece of relief (with the exception of an order barring Petitioner's transfer outside of the Western District of Pennsylvania) that Petitioner seeks therein is affirmative relief that is not the proper

1

subject of an *ex parte* temporary restraining order—the Court may only potentially afford such relief if it first gives Respondents notice and an opportunity to respond. *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) (*Hope I*); *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) (*Hope II*).[1] Therefore, the Court DENIES Petitioner's Motion at ECF No. 7 insofar as he seeks a T.R.O. requiring Respondents to afford him affirmative relief.

Further, insofar as Petitioner requests an order barring his transfer outside of this District, the Court notes that an alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for

---

[1] The Court briefly explains its point on this score. In *Hope I*, the Third Circuit explained that a T.R.O. is generally not appealable, while a P.I. is. *Hope I*, 956 F.3d at 159–60. The Third Circuit further stated that when a *"purported* [T.R.O.] goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable[.]" *Id.* at 160–62 (emphasis added) (ultimately finding that purported T.R.O.s, which the district court issued without affording the Government an opportunity to be heard, and which granted affirmative relief in the form of release of twenty immigration detainees on their own recognizance, were immediately appealable). In other words, in *Hope I*, the Third Circuit implicitly held that orders granting affirmative relief (such as the release of alien detainees on their own recognizance) were P.I.s, not T.R.O.s.

That fact is important because, in *Hope II*, the Third Circuit explained that a court "may not … issue an *ex parte* [P.I.]" *Hope II*, 972 F.3d at 320. Accordingly, based on *Hope I and II*, working together, this Court finds that it cannot issue an *ex parte* order granting affirmative relief. Such relief may only come after the Court has afforded the opposing party notice and an opportunity to be heard. *Hope I*, 956 F.3d at 160 (noting that our "entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute") (cleaned up).

appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Therefore, the Court is poised to find that it lacks jurisdiction to enjoin Petitioner's transfer away from MVPC given the operation of § 1252(a)(2)(B)(ii) and related provisions of law. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)).

However, before conclusively reaching that finding, the Court must address Petitioner's argument that the "[i]n light of the equitable and flexible nature of habeas relief and pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, this Court has authority to enjoin Respondents from transferring [Petitioner]." (ECF No. 11 at 22) (internal quotation marks and citation omitted). This argument poses the question—does either the nature of habeas relief or the

3

All Writs Act supersede § 1252(a)(2)(B)(ii) and permit this Court to do what that section forbids? As the following legal principles make clear, the answer to that question is no.

Indeed, § 1252(a)(2)(B) provides, in relevant part, "*[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title [the All Writs Act]* ... no court shall have jurisdiction to review—" (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ..." § 1252(a)(2)(B)(ii) (emphasis added). As the Third Circuit has recognized in the context of § 1252(g), which contains identical language as § 1252(a)(2)(B)(ii) regarding the inapplicability of the All Writs Act, the All Writs Act does not operate to supersede this jurisdiction-stripping provision of the INA. *Barrios v. Att'y Gen. of U.S.*, 452 F. App'x 196, 198 (3d Cir. 2011). In *Barrios*, the Third Circuit explained that:

> Barrios's assertions to the contrary are belied by § 1252(g). Barrios purports that we are authorized to stay his removal under 28 U.S.C. § 1651 (the 'All Writs Act') pending a determination of his motion to reopen. Barrios reasons that, without such a stay, the government may have removed him from the United States, causing his motion to reopen to be withdrawn in accordance with 8 C.F.R. § 1003.2(d). This argument fails because § 1252(g) applies notwithstanding the All Writs Act. *See* 8 U.S.C. § 1252(g) (stating that the restrictions on jurisdiction apply 'notwithstanding any other provision of law (statutory or nonstatutory), including ... [28 U.S.C. § 1651]').

*Barrios*, 452 F. App'x at 198. In short, the Court finds that § 1252(a)(2)(B)(ii) forbids this Court to issue an Order barring Respondents from housing Petitioner in the location they see fit.

Accordingly, the Court DENIES Petitioner's Motion at ECF No. 7 insofar as he seeks an order barring his transfer, whether that order be a T.R.O. or a P.I., and the Court DENIES his request for a T.R.O. in full. That leaves the Court with Petitioner's request for a P.I. relative to his

detention under § 1225/1226 and the like. The Court will set a briefing schedule relative to those issues via the Order below.

Therefore, the Court enters the following Order:

## ORDER OF COURT:

AND NOW, this 16th day of December, 2025, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 7 is DENIED insofar as he requests a Temporary Restraining Order and insofar as Petitioner seeks an order (whether a T.R.O. or a P.I.) barring his transfer outside this Judicial District. Petitioner's request for a Preliminary Injunction relative to his ongoing detention remains pending before the Court.

IT IS FURTHER ORDERED that Petitioner shall serve the filings at ECF Nos. 7 and 11, as well as this Memorandum Order, upon Respondents **within five (5) days**.

IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioners' filings at ECF Nos. 7 and 11 **within seven (7) days of receipt of service of those filings**. Aside from any other arguments Respondents wish to make, they shall specifically address:

A. The status of Petitioner's immigration case;

B. Why this Court's decision in *Calzado Diaz v. Noem*, No. 3:25-CV-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (finding that § 1226(a), not § 1225(b)(2) governed the detention of an individual who had been present in the country for over three years and who was detained in Philadelphia, Pennsylvania), which the Court intends to apply in full in future cases implicating the same legal issues, does not govern the outcome of this case; and

    C.    The impact of the decision(s) in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873 (C.D. Cal.), on this case.

Petitioner may, but is not required to, file and serve a Reply to any response submitted by Respondents within **three (3) days of receipt of service of Respondents' Response**. The Court will schedule a hearing on the relevant filings as necessary following receipt of any Reply by Petitioner.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE